Filing # 235976092 E-Filed 11/17/2025 03:48:02 PM

IN THE CIRCUIT COURT FOR THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CALEB R. FARIS,

        Plaintiff,

vs.

RIC L. BRADSHAW, as
Sheriff of Palm Beach County;
and KEITH RICHARDS,

        Defendants.

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CALEB R. FARIS, by and through undersigned counsel, sue the Defendants, RIC L. BRADSHAW as Sheriff of Palm Beach County; and KEITH RICHARDS, and alleges:

### PARTIES

1. This is an action for damages in excess of the jurisdictional limits of this Court, to wit: Fifty Thousand and no/100th ($50,000.00) Dollars.

2. Plaintiff, Caleb Faris, is and was a resident of Palm Beach County, Florida, is over the age of eighteen and otherwise sui juris.

3. Defendant, Sheriff Bradshaw, at all material times hereto is the Sheriff of Palm Beach County, Florida, and is sued in his official capacity for damages.

4. Deputy Sheriff Keith Richards at all times material was employed by the Palm Beach County Sheriff's Office as a police officer/deputy sheriff.

5. Venue is proper in the court as actions giving rise to the Complaint occurred in Palm Beach County, Florida.

6. This is an action for damages, to redress Defendant's deprivation of

Plaintiff's rights, secured to him by the laws and Constitution of the United States. This action arises under 42 U.S.C. § 1983 for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. Attorney's fees and costs are sought pursuant to 42 U.S.C. § 1988.

8. All acts of Defendants have been taken under color of state law.

9. All conditions precedent have been satisfied, complied with or waived prior to filing this action, including but not limited to compliance with all applicable notice provisions of Florida Statute § 768.28.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On January 13, 2024, Plaintiff was woken up from a sound sleep by the sounds of his name being called outside over a loudspeaker.

11. Plaintiff looked outside his window and saw Palm Beach County Deputy Sheriffs, including Deputy Sheriff Keith Richards, with their guns drawn.

12. Plaintiff, wearing nothing a pair of boxer shorts, opened his front door and spoke to the deputies who had their guns drawn and aimed at him.

13. Deputy Sheriff Wilder continuously asked Plaintiff over the loudspeaker to come out further to speak with him.

14. Plaintiff finally walked out his front door, with his hands raised up over his head, with his hands open, and went as far down into his driveway wearing nothing but a pair of boxer shorts.

15. The entire time the shirtless and shoeless Plaintiff was speaking with the police from his own driveway, his hands were in the air with his fingers wide open, posing no threat to anyone.

16. Plaintiff had committed no crimes and was not being sought for any

alleged crimes.

17. At no time did any deputy tell Plaintiff that he was under arrest, and Deputy Sheriff Wilder only insisted that Plaintiff walk out further to speak with him and the other deputies.

18. The shirtless Faris's whose hands were visible at all times, showed he was clearly unarmed, and at no time was a threat to anyone or any police officer.

19. Plaintiff, who was shoeless, did not at any time attempt to flee or resist the commands of the police.

20. At no time did the shirtless Plaintiff do anything to cause anyone to think he was a threat or cause harm.

21. At all times material, the shirtless Plaintiff was not resisting, had his hands in the air over his head, with his fingers wide open, clearly did not show any signs of carrying a weapon, or of being any kind of threat to any police officers.

22. Despite the shirtless Plaintiff, who was on his own property wearing only a pair of boxer shorts, with his hands in the air over his head, with his fingers wide open, acting appropriately and compliantly, and clearly not a threat, Deputy Sheriff Keith Richards gratuitously commanded or allowed the K9 dog to attack the Plaintiff, that was unnecessary and excessive.

23. No verbal warnings were given to Faris before the K9 dog was released or control over the K9 dog was relinquished.

24. The K9 dog was biting the Plaintiff for over a minute subjecting Faris to excruciating pain while Deputy Sheriff Keith Richards stood over the

Plaintiff.

25. Deputy Sheriff Keith Richards was unable to get the K9 dog to disengage with Plaintiff's hand and/or arm, and ended up having to use a breaker bar to get his K9 dog to release his bite.

26. The entire time the dog was latched onto Plaintiff, Caleb Faris was on the ground, controlled by police with one (1) hand behind his back, screaming in pain and for the dog to let go of him.

27. The Plaintiff did not do anything to cause Deputy Sheriff Keith Richards to be irate, angry, to provoke, or to release a K9 on Plaintiff.

28. At all times material, Deputy Sheriff Keith Richards had the K9 or police dog with him on a type of leash or restraint that gave Richards control and dominion over the K9 dog.

29. The K9 dog could not have attacked the Plaintiff but for the actions and/or inactions of Deputy Sheriff Keith Richard.

30. The K9 attack caused serious and severe injuries to Plaintiff.

31. Due to his serious injuries, Plaintiff was transported to JFK Medical Center from the scene.

32. Despite the arrest of Faris, the Palm Beach State Attorney's Office did not file any charges by way of information or indictment.

33. All conditions precedent have been satisfied, complied with or waived prior to filing this action, including but not limited to compliance with all applicable notice provisions of Florida Statute §768.28.

## COUNT I

**42 U.S.C. § 1983: Excessive Force as to Ric Bradshaw**

Plaintiff re-alleges and adopts by reference the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

34. On or about January 13, 2024, Keith Richards, acting under color of state law and acting as a law-enforcement officer employed by Palm Beach County Sheriff's Office, deprived Plaintiff of his rights guaranteed by the United States Constitution, (as recognized in 42 U.S.C. § 1983), in that Defendant Keith Richards commanded, allowed, incited, and/or caused the his K9 or police dog to bite or attack Plaintiff without justification and otherwise used excessive force on Plaintiff.

35. Excessive force:

a. The force used against Plaintiff was excessive and unreasonable under the circumstances and in violation of the Plaintiff's Fourth Amendment rights under the United States Constitution.

b. Defendants knew or should have known that the force used was unreasonable and violated the United States Constitution.

c. Plaintiff posed no threat to any police officers, fellow arrestees, the public or himself.

d. Plaintiff did not attempt to evade or avoid arrest or processing.

e. Defendant's conduct was unreasonable and/or shocks the conscience and offends the community sense of fair play and decency.

f. The force was not done with any good faith purpose and was applied maliciously and sadistically for the purpose of causing harm.

  g. Plaintiff posed no physical threat when Defendant unleashed his K9 dog who attacked Plaintiff.; and/or

  h. The excessive force was objectively unreasonable under the circumstances.

36. Palm Beach County Sheriff's Office encouraged or condoned its officers and agents, including Defendant, Keith Richards's, use of excessive force without just cause.

37. As additional evidence of this custom, policy, and/or practice of condoning encouraging and/or permitting the use of excessive force on detainees and other similarly situated persons, Keith Richards, unleashed his K9 who attacked Plaintiff pursuant to custom, policy, and/or practice.

38. Defendant Keith Richards acted with reckless disregard for the rights of the Plaintiff when Keith Richards commanded, unleashed, or allowed his K9 on Plaintiff while in a defenseless non threatening position in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendant Palm Beach County Sheriff's Office condoned and supported the practices of Defendant Keith Richards and other officers in applying excessive force with K9s Richards actions were in accordance with and conformed to the Sheriff's policies on K9 use.

40. On January 13, 2024 Palm Beach County Sheriff's Office employed Defendant Keith Richards as a full-time police officer. On those dates, Palm Beach County Sheriff's Office had a policy, custom, or practice of allowing its police officers to use excessive force and was on notice of their propensity for excessive force, particularly but not limited to Keith Richards, and failed to

properly train or supervise the police officers for this failed to properly train and supervise other personnel to intervene in such situations.

41. All material times, Defendant Keith Richards, was acting pursuant to the Defendant, Palm Beach County Sheriff's Office's, office policies, customs and practices with respect to the application of excessive force. The de facto policies, customs and practices complained of include, but not limited to threatening to use excessive force and/or actual application of excessive force on persons for improper purposes.

42. The de facto policies, customs, and practices complained of were the moving force behind the deprivation of Plaintiff's constitutional rights.

43. Defendant Keith Richards' conduct was recklessly and deliberately indifferent to the constitutional rights of the Plaintiff.

44. Palm Beach County Sheriff's Office inadequately trained and/or supervised its deputies and police officers and this inadequate training and/or supervision amounted to a deliberate indifference to the rights of persons these officers came into contact with, including Plaintiff.

45. This policy of inadequate training is believed to not only constitute deliberate indifference to the rights of persons these deputies and officers came into contact with but also an express policy and Palm Beach County Sheriff's Office was on notice and constructive notice of the need to train.

46. The inadequate training included severely deficient, or nonexistent, policies, programs or training concerning the use of K9s or police dogs.

47. The failure to train and/or supervise was the cause or was a cause of the constitutional violation(s) suffered by Plaintiff. Additionally, the violation

was an obvious consequence of the failure to train and/or supervise.

48. Due to similar, and prior, incidents involving officers and personnel, the Palm Beach County Sheriff's Office was on notice, and constructive notice, of the need train or properly train in the area of use of force where it was deficient and dealing with the use of K9s, specifically as to Keith Richards as well as the remainder of it policing force.

49. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

50. As a direct and proximate result of the acts and omissions of all of the Defendants, Plaintiff suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, damage to his good name and reputation, the expense of defense fees and other expenses associated with the arrest, loss of past wages and future earning capacity, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages against Defendant Palm Beach County Sheriff's Office;

b. Grant injunctive relief to prevent Defendant Palm Beach County Sheriff's Office from engaging in further conduct as alleged herein;

c. Award reasonable attorneys' fees and costs under 42 U.S.C.§ 1988;

d. Award such additional or alternative relief as may be just, proper and equitable; and

e. Grant a jury trial on all issues so triable.

## COUNT II
## (42 U.S.C. § 1983: Excessive Force as to Defendant Keith Richards in his individual capacity)

Plaintiff re-alleges and adopts by reference the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

51. On or about January 13, 2024, Defendant Keith Richards, acting under color of state law, deprived Plaintiff of his rights guaranteed by the United States Constitution (as recognized in 42 U.S.C. § 1983) in that Defendant Keith Richards commanded, allowed, incited, and/or caused the his K9 or police dog to bite or attack Plaintiff without justification and otherwise used excessive force on Plaintiff..

52. Excessive force:

a. The force used against Plaintiff after his arrest was excessive and unreasonable under the circumstances in violation of the Plaintiff's Fourth Amendment rights under the United States Constitution.

b. Defendants knew or should have known that the force used was unreasonable and violated the United States Constitution.

c. Plaintiff posed no threat to any police officers, fellow arrestees, the public or himself.

d. Plaintiff did not attempt to evade or avoid arrest or processing.

e. Defendant's conduct was unreasonable and/or shocks the conscience and offends the community sense of fair play and decency.

f. The force was not done with any good faith purpose and was applied maliciously and sadistically for the purpose of causing harm.

g. Plaintiff posed no physical threat when Defendant unleashed his K9 dog who attacked Plaintiff.;

h. The excessive force was objectively unreasonable under the circumstances; and/or

i. Woolley violated clearly established law when he commanded, allowed, incited, and/or caused the dog to attack Plaintiff when he was not resisting, unarmed, and otherwise compliant and allowing the attack to continue for an excessive amount of time.

53. Defendant Keith Richards acted with reckless disregard for the rights of Plaintiff in commanding, allowing, inciting, and/or causing his K9 or police dog to bite or attack Plaintiff without justification and otherwise used excessive force on Plaintiff, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate result of the acts and omissions of all of the Defendants, Plaintiff suffered damages including past, present, and future emotional and physical distress. embarrassment, humiliation, shame, damage to his good name and reputation, the expense of defense fees and other expenses associated with the arrest, loss of past wages and future earning capacity, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages against Defendant Keith Richards;

b. Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

    c.    Award such additional or alternative relief as may be just, proper and equitable; and

    d.    Grant a jury trial on all issues so triable.

## COUNT III
## Common Law Negligent Training or Instruction

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

55.    Palm Beach County Sheriffs' Office owed a duty to the Plaintiff to properly implement its training and instructing of its police officers to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse the public, including the application of excessive force by the use of K9s or police dogs.

56.    Palm Beach County Sheriffs' Office breached this duty by failing to properly implement its training and instruction programs and procedures to police officers to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse the public, including the commission of battery and the application of excessive force with K9s and police dogs.

57.    A special relationship existed at all times material between Palm Beach County Sheriffs' Office and the Plaintiff because Palm Beach County Sheriffs' Office created a foreseeable zone of risk to the Plaintiff.

58.    As a direct and proximate result thereof Plaintiff suffered physical and emotional distress and abuse resulting in physical and emotional injuries and damages; incurred medical, psychological, and other expenses, suffered shame, humiliation, embarrassment, mental pain and suffering, mental anguish, the

inability to lead a normal life, loss of capacity for the enjoyment of life and other damages.

WHEREFORE, Plaintiff demands judgment for damages against Palm Beach County Sheriffs' Office and trial by jury on all issues so triable.

## COUNT IV
## Common Law Negligence

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

59. Defendant Palm Beach County Sheriffs' Office owed a duty to the Plaintiff to maintain his K9 or police dog in a reasonably safe manner while encountering Plaintiff and not allowing it to attack or injure Plaintiff.

60. Defendant Palm Beach County Sheriffs' Office breached this duty through its agent or employee by:

    a. commanding, allowing, inciting, and/or causing the dog to attack Plaintiff;

    b. permitting the dog to bite or attack Plaintiff even while the officer had the dog on a restraint or leash;

    c. failing to stop or mitigate the biting or attack when it was in the officer's control to do so;

    d. failing to maintain control over the dog in a reasonably safe manner;

    e. failing to use reasonable care in the handling, controlling, or supervision of the dog; and/or

    f. allowing the attack knowing of the propensities of this dog to

attack or bite in these situations.

61.  Defendant Palm Beach County Sheriffs' Office by and through its agent or employee created a foreseeable zone of risk by placing the dog in close proximity to Plaintiff.

62.  A special relationship existed at all times material between Palm Beach County Sheriffs' Office and the Plaintiff because Palm Beach County Sheriffs' Office created a foreseeable zone of risk to the Plaintiff.

63.  As a direct and proximate result thereof Plaintiff suffered physical and emotional distress and abuse resulting in physical and emotional injuries and damages; incurred medical, psychological, and other expenses, suffered shame, humiliation, embarrassment, mental pain and suffering, mental anguish, the inability to lead a normal life, loss of capacity for the enjoyment of life and other damages.

WHEREFORE, Plaintiff demands judgment for damages against Palm Beach County Sheriffs' Office and trial by jury on all issues so triable.

**The addresses below are designated for e-service. All six (6) addresses must be copied on all service emails.**

**BALKAN PATTERSON & CHARBONNET**
*Attorneys for the Plaintiff*
1877 S. Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone:  (561) 750-9191
Facsimile:  (561) 750-1574
adam@balkanpatterson.com
tiffany@balkanpatterson.com
efile@balkanpatterson.com

By: ___/s/ Adam M. Balkan___
    **ADAM M. BALKAN, ESQ.**
    Fla Bar No.: 0044880

**LAW OFFICE GARY SUSSER**
*Attorneys for the Plaintiff*
1200 NW 17th Ave, Suite 8
Delray Beach, FL 33445
Telephone: (561) 735-4636
Facsimile: (561) 735-3964
courtdocs@susserlaw.com
lydia@susserlaw.com
paralegal2@susserlaw.com

**GARY E. SUSSER, ESQ.**
Fla Bar No.: 622710